UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

UNITED STATES OF AMERICA,       )
                                )
          v.                    )     Case No. 2:18-cr-59
                                )
BUDDY F.Y. LAWRENCE,            )
                                )
          Defendant.            )

## OPINION AND ORDER

Defendant Buddy Lawrence has filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), citing health concerns arising out of the COVID-19 pandemic.  For the reasons set forth below, his motion is denied.

## Factual Background

Lawrence has a long history of federal incarceration, including a 240-month sentence he received in 1990, and a 60-month sentence, later reduced to 48 months, in 2011.  On October 1, 2018 Lawrence pleaded guilty to possession with intent to distribute cocaine.  On February 11, 2019, the Court sentenced him to 60 months in prison: 36 months for his most recent conviction, and 24 months for violating the conditions of his supervised release.  As a career offender, his advisory guideline range at sentencing was 151 to 188 months.

Lawrence is currently incarcerated at the Federal Correctional Institution at Fort Dix ("FCI Fort Dix"), with an expected release date of August 18, 2022.  FCI Fort Dix consists of a low security correctional institution housing 2,638 inmates,

and a minimum security satellite camp housing 197 inmates.  With respect to COVID-19 activity at the facility, the government reports that as of June 1, 2020, nineteen inmates and no staff members were currently testing positive for the virus.  Twenty-six inmates and five staff members had recovered from infection.  All reported cases were associated with the minimum security camp, and not the correctional institution where Lawrence is incarcerated.

Lawrence is 64 years old and has a long history of polyarteritis nodosa ("PAN"), a rare disease that results from blood vessel inflammation causing injury to organ systems.  He claims that his condition, combined with his age, renders him particularly vulnerable to COVID-19.  On April 15, 2020, his attorney sent a letter on his behalf to the Warden at FCI Fort Dix requesting compassionate release.  That request was denied on May 15, 2020, based in part on the finding that Lawrence's medications were managing his illness and that his condition was stable.  Lawrence filed his motion for compassionate release with the Court on May 18, 2020.

## Discussion

Under 18 U.S.C. § 3582(c)(1)(A), as modified by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018), a court may reduce a defendant's sentence upon motion of the Director of the BOP or upon motion of the defendant.  A court may

reduce a defendant's sentence only if the court finds that "extraordinary and compelling reasons warrant such a reduction," and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A).  In making this determination, the court must consider "the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable." *Id.*

Congress has delegated responsibility to the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction." 28 U.S.C. § 994(t).  The Sentencing Commission has determined that a defendant's circumstances meet this standard when the defendant is "suffering from a terminal illness" or a "serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility." U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(A). The standard is also met if, in the judgment of the BOP, the defendant's circumstances are extraordinary and compelling for "other reasons." *Id.* cmt. n.1(D).  Following the passage of the First Step Act, courts may independently determine whether such "other reasons" are present in a given case without deference to the determination made by the BOP. *See United States v. Lisi*, No. 15-CR-457, 2020 WL 881994, at *3 (S.D.N.Y. Feb. 24, 2020).

In *United States v. Zullo*, Chief Judge Crawford identified a

list of factors for determining whether compassionate release is justified.  No. 09-cr-64, ECF No. 1472 at 8-9.  Those factors include: (1) evidence of a defendant's increased susceptibility to COVID-19 complications; (2) completion of at least fifty percent of a term of imprisonment, as compassionate release at the outset of the sentence would undermine the original purpose of the sentence; (3) the level of risk of violence or recidivism; (4) a record of non-violent conduct and positive rehabilitation while incarcerated; and (5) an appropriate plan for home confinement or supervised release.  *Id.*

Here, those factors do not weigh in favor of release.  The Court acknowledges Lawrence's health issues, and the government concedes that his medical condition, combined with his age, meet the requirements of extraordinary and compelling reasons.  That concession alone, however, does not necessarily trigger a reduction in Lawrence's sentence.  *See, e.g., United States v. Ebbers*, 432 F. Supp. 3d 421, 430 (S.D.N.Y. 2020) ("the existence *vel non* of 'extraordinary and compelling reasons' determines only whether a defendant can be considered for release—the existence of such reasons does not mandate release").

The government reports that the BOP has taken significant measures to mitigate the risk of COVID-19 infection within its facilities.  The extent and effectiveness of those measures is disputed.  The government also argues that Lawrence remains a

4

danger to the community, and that the Section 3553(a) factors weigh strongly against release.

Lawrence has over two years remaining on his 60-month prison sentence. Over the course of his considerable criminal history, he has shown that he involves himself in drug distribution even while under court-ordered supervision. The government reports that he also has a history of violent crime, including attempted armed robbery. Lawrence has not offered the BOP or the Court any sort of release plan, making it difficult for the Court to determine whether home confinement or supervised release would alleviate the substantial risk of recidivism. Consequently, the Court cannot find that Lawrence "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2).

Furthermore, with respect to the Section 3553(a) factors, the seriousness of Lawrence's offense and his lengthy criminal history weigh against a sentence reduction. Moreover, release at this juncture would effectively erase the sentence imposed for violation of his supervised release conditions. The Court therefore finds that reduction of Lawrence's relatively-recent sentence would undermine the "need for the sentence imposed" "to reflect the seriousness of the offense," "protect the public" and "afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2).

## Conclusion

For the reasons set forth above, Lawrence's emergency motion for compassionate release (ECF No. 37) is denied.

DATED at Burlington, in the District of Vermont, this 1st day of July, 2020.

/s/ William K. Sessions III
William K. Sessions III
District Court Judge